Schenck *v.* Schenck.

PETER S. SCHENCK *against* THE EXECUTORS OF JOHN
SCHENCK, Deceased.

If the summons issuing out of this court, calls upon the defendants to
answer the plaintiff in a plea of trespass, and also to a bill to be exhibited
against the defendants to the damage of the plaintiff $8000, and the declara-
tion is in' assumpsit, the defendant may crave oyer of the writ and plead in
abatement, the variance between the summons and the declaration, and
such plea will be good.

*W. Halsted,* for the plaintiff.

*Vroom,* for the defendants.

The Chief Justice delivered the opinion of the court.

This case comes before us on a demurrer to a plea in
abatement, in which the defendant, after oyer of the writ of
summons, whereby the action was commenced, alleges a
variance between the writ and the declaration in this, " that
in and by the said writ the said defendants are summoned
to answer unto the plaintiff in a plea of trespass, and in the
said declaration founded on the said writ, the said plaintiff
complains of the defendants of a plea of trespass on the case
upon promises."

The summons requires the defendants " to answer unto
Peter S. Schenck of a plea of trespass ; and also to a bill of
the said Peter then and there to be exhibited against the
said David Manners, Garret Schenck and Peter Voorhees,
executors as aforesaid, to his damage, eight thousand
dollars." The declaration is in assumpsit, containing the
common counts for work and labor done, money lent and
advanced, money paid, laid out and expended, goods, wares
and merchandise sold and delivered, and a count on a sub-
scription to pay a sum of money to assist the plaintiff in
erecting a grist mill.

Between the action of the declaration and the action of
the writ, there is clearly the variance averred by the

defendants in their plea. The latter is trespass. They are required to answer " in a plea of trespass," and although the words, " and also to a bill," &c., are added, yet no other form of action is expressed, and hence the writ must necessarily be either a writ in trespass or without form of action. It is probable the person who drew the writ, intended to pursue the form of the court of King's Bench, and the ancient form of this court, inserting the clause of trespass and the *ac etiam*, in the latter of which he may have intended to express some other form of action; but he has not done so, and the writ stands therefore an informal writ in trespass. In the case of *The Bank of New Brunswick* v. *Arrowsmith*, 4 *Halst.* 284, we held that the declaration must conform to the writ. Such conformity is required, as well by the rules of the common law, as by our statute, which forbids the practice of declaring, by the by; a practice introduced into the court of King's Bench, in consequence of their peculiar mode of acquiring, by fiction, jurisdiction of certain civil actions. In the same case, we also held that a defendant may avail himself of a variance between the writ and declaration, by oyer and plea in abatement. *Chirac* v. *Reinicker*, 11 *Wheat.* 302, variance between the writ and declaration may be pleaded in abatement.

Let judgment on the plea in abatement be entered for the defendants.